# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**CARLOS DIAZ** and
**MYRNA DIAZ**,

      Plaintiffs,

vs.                                             No.   **CIV 00-801 MCA/RLP**

**HERNANDO LEDEZMA**,
**SANDRA LEDEZMA**
**JESUS LEDEZMA,**
**RAMON SOTELO,**
and **OTHERS**, yet
unamed, all individually,
jointly, and severally,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes on consideration of Plaintiffs' Motions for Judgment and Order against Defendants, Ramon Sotelo, (Doc. No. 32), Jesus Ledezma (Doc. No. 34), Sandra Ledezma (Doc. No. 35), and Hernando Ledezma (Doc. No. 36), filed on August 25, 2000. A hearing on Plaintiffs' proof of damages having been held on August 6, 2002; and the Court having considered the evidence, the pleadings of record, the relevant law, and being otherwise fully advised in the premises, finds that Plaintiffs' failed to meet their burden of proof as to damages. This case is dismissed with prejudice.

I.  **BACKGROUND**

On June 2, 2000, Plaintiffs Carlos Diaz and Myrna Diaz filed a *pro se* complaint against Isabel Ledezma, Hernando Ledezma, Sandra Ledezma, Jesus Ledezma, Ramon Sotelo, Angela Sotelo, and other unnamed Defendants, claiming monetary damages under federal and state Racketeer Influenced and Corrupt Organizations Act ("RICO"), fraud, conspiracy to commit fraud, extortion, grand jury perjury, and conspiracy. (Compl. Counts I, II, & III).

According to Plaintiffs' complaint, Defendants, who belong to a criminal gang called "Los Juaritos," attacked Plaintiff Carlos Diaz in June of 1997. (Compl. ¶ 2). Plaintiffs also allege that during the fight, Defendants displayed at least one gun and one knife. (Compl. ¶ 3). According to Plaintiffs, the Albuquerque Police Department investigated the attack. (Compl. ¶ 4). Plaintiffs claim that the investigative reports were based in part upon false statements made by Defendants and other persons related to Defendants. (Compl. ¶ 8). Following the investigation, a criminal charge was filed against Carlos Diaz in the Second Judicial Court of New Mexico. Plaintiffs claim that Defendant Isabel Ledezma hid his identity and committed perjury before the grand jury. (Compl. ¶ 9).

On July 27, 2000, Plaintiffs moved for Entry of Default. On August 18, 2000, the Clerk entered default against all Defendants pursuant to Fed. R. Civ. P. 55(a). On August 25, 2000, Plaintiffs moved for entry of default judgment against all Defendants. Defendants Isabel Ledezma and Angela Sotelo moved the Court to set aside their default, as they were never properly served under the Federal Rules of Civil Procedure. The Court granted their request and dismissed Plaintiffs' claims against them.

On August 6, 2002, a hearing was held on Plaintiffs' entitlement to damages. Upon considering the evidence presented at trial, and being otherwise informed in the premises, this Court concludes that Plaintiffs failed to present any credible and competent evidence to sustain their claims for damages.

## II. ANALYSIS

### A. Standard for Granting Default Judgment

In reviewing a motion for default judgment under Fed. R. Civ. P. 55(b)(2), allegations of fact in the complaint are taken as true, unless they are contradictory on the face of the document. See Thomson v. Wooster, 114 U.S. 104, 113 (1885). Facts not established by the pleadings are not binding and cannot support a judgment. See Danning v. Lavine, 572 F.2d 1386, 1387 (9th Cir. 1978); Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975). A defendant's default does not in itself warrant the court entering a default judgment. See Nishimatsu Constr. Co., Ltd., 515 F.2d at 1206. There must be a sufficient basis in the pleadings for the judgment entered. See id. In this regard, a court must consider whether a plaintiff's allegations are sufficient to state a claim for relief. See Weft, Inc. v. G.C. Inv. Assocs., 630 F.Supp. 1138, 1141 (E.D.N.C. 1986). Although the defendant in a default judgment may not have attacked the factual allegations of the complaint, the legal conclusions are not deemed admitted. See id. Thus, "default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." Nishimatsu Constr. Co., Ltd., 515 F.2d at 1206. Once a default has been entered and the entry of judgment pursuant to the default is sought, the function of the trial court is

not to weigh conflicting evidence, but the court must make the sole determination whether the allegations of the party in whose favor the default has been entered are susceptible for proof. See In re Consol. Pretrial Proceedings in Air W. Sec. Litig., 436 F.Supp. 1281, 1286 (N.D. Cal 1977).

Pleading requirements should be enforced strictly when default judgments are sought under RICO because the monetary penalty for failure to answer is greatly enhanced by the provision for treble damages, and a defendant's reputation may be stigmatized. See Alan Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1393 (9th Cir. 1989). Any conclusory allegations without supporting factual statements are insufficient to state a claim. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). This Court is, therefore, bound to consider first whether Plaintiffs' allegations in the complaint sufficiently state a claim for relief.

### B. *Pro Se* Pleadings Standard

Plaintiffs' complaint was filed without the assistance of an attorney. Plaintiffs' attorney later entered an appearance; he did not amend the pleadings. The Court notes that the pleadings of non-lawyers proceeding *pro se* are to be liberally construed, and the Court will apply this standard in the present case. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curium). The broad reading of the complaint does not relieve the Plaintiffs of their burden of alleging sufficient facts on which a recognized legal claim could be based. See Hall, 935 F.2d at 1110. Furthermore, this Court will not supply additional factual allegations

-4-

to round out Plaintiffs' complaint or construct a legal theory on their behalf. See Whitney v. N.M., 113 F.3d 1170, 1173-74 (10th Cir. 1997).

### C. Claim Based Upon RICO

Congress enacted RICO to counter organized criminal activity in this country by providing harsh penalties for organized racketeering. See Beck v. Prupis, 529 U.S. 494, 496 (2000). RICO provides a plaintiff with a private civil cause of action for substantive violations of RICO. See 18 U.S.C. § 1964(c) (2000). Subsections (a) & (b) of Section 1962 concern the use of the income from racketeering activity and obtaining control of an enterprise through racketeering activity. See 18 U.S.C. § 1962 (a) & (b). Specifically, Section 1962(a) requires a plaintiff to plead facts that show that he was injured by the use or investment of racketeering income. See Grider v. Tex. Oil & Gas Corp., 868 F.2d 1147, 1149 (10th Cir. 1989). Under Section 1962(b), a plaintiff must allege an injury arising out of a defendants' acquisition or control of an enterprise involved in interstate commerce. See Midwest Grinding Co., Inc. v. Spitz, 716 F.Supp. 1087, 1091 (N.D. Ill. 1989). Under Section 1962(c), it is unlawful for any person to conduct an enterprise through a pattern of racketeering activity. See 18 U.S.C. § 1962(c). Section 1962(d) prohibits any person from conspiring to violate any of the provisions of Subsection (a), (b), or (c) of this section.

Section 1964(c) provides a private remedy that "any person injured in his business or property by reason of a violation of [S]ection 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee." 18 U.S.C. § 1964(c). This

provision means that a "plaintiff only has standing if . . . he has been injured in his business or property by the conduct constituting violation." Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479, 496 (1985). The phrase "by reason of" requires that there be a causal connection between the prohibited conduct and plaintiff's injury. See Cullom v. Hibernia Nat'l Bank, 859 F.2d 1211, 1214 (5th Cir. 1988). Thus, the threshold issue that needs to be examined is whether Plaintiffs have sustained an injury sufficient to warrant liability under Section 1964(c). See Hecht v. Commerce Clearing House, Inc., 897 F.2d 21, 23-24 (2nd Cir. 1990).

In order to have standing, a plaintiff must show (1) violation of Section 1962; (2) injury to business or property; and (3) causation of the injury by the violation. See O'Malley v. O'Neill, 887 F.2d 1557, 1561 (11th Cir. 1989). Any recoverable damage occurring by reason of violation of Section 1962(c) will flow from the commission of the predicate acts. See id. at 497. In sum, whether Plaintiffs are alleging direct racketeering activity under Section 1962(c) or a racketeering conspiracy under Section 1962(d), they must be able to show that their injuries were directly caused by an act which itself constitutes racketeering activity, rather than simply an act performed to benefit the racketeering enterprise. See Beck, 529 U.S. at 505-06 (holding that a RICO conspiracy plaintiff did not have a cause of action under RICO, as the plaintiff was not injured by a predicate act that itself constituted racketeering activity). If a plaintiff's injury does not flow directly from the predicate acts, there is no recovery under the statute. See Morast v. Lance et al., 807 F.2d 926, 933 (11th Cir. 1987); Burdick v. Am. Express Co., 865 F.2d 527, 529 (2d Cir. 1989); O'Malley, 887 F.2d at 1563; Cullom, 859 F.2d at 1216; Pujol v. Shearson/Am. Express, Inc., 829 F.2d 1201 (1st Cir. 1987). A plaintiff's

right to recover under RICO requires a showing that the defendant's violation was not only the "but for" cause of his injury, but was the proximate cause as well. See Holmes v. Sec. Investor Prot. Corp., 503 U.S. 258, 268 (1992). The proximate cause requirements may be met when the RICO pattern or acts are a substantial factor in the sequence of responsible causation, and if the injury is reasonably foreseeable or anticipated as a natural consequence. See Hecht, 897 F.2d at 23-24.

Plaintiffs allege that Defendants violated civil RICO and claim relief under that statute. They do not allege violation of a specific subsection of Section 1962. In attempting to ascertain the basis of their RICO claim, the Court notes that none of the allegations in Plaintiffs' complaint relate to injuries resulting from the use of investment of racketeering income, or acquisition and control of an enterprise. On the other hand, Plaintiffs claim that they were harmed by Defendants' conduct. Therefore, Plaintiffs' claims arguably fall within Section 1962(c) & (d) of RICO.

The injuries alleged by Plaintiffs include loss of employment of Plaintiff Carlos Diaz due to the filing of criminal charges and loss of employment of Myrna Diaz due to her disturbed mental state. Plaintiffs claim that they were injured by Defendants' acts of racketeering. Even construing Plaintiffs' complaint liberally, of all the alleged predicate acts by Plaintiffs,[1] only two offenses—extortion and obstruction of justice—might constitute

---

[1] In their complaint, Plaintiffs allege that Defendants committed predicate acts of fraudulent statements to police investigations, 18 U.S.C. § 1001, extortion , conspiracy to commit fraud and extortion, obstruction of justice under 18 U.S.C. § 1503, conspiracy to violate civil rights under 18 U.S.C. § 241, and perjured testimony before a grand jury. (Comp. ¶ 14)

racketeering activity as defined by 18 U.S.C. § 1961(1). There is no claim that Myrna Diaz's loss of employment resulted from the racketeering acts. Plaintiff Carlos Diaz's claim for damages due to loss of his employment does not give any detail how the racketeering acts of Defendants directly resulted in his injury. The conclusory allegations in the complaint that Defendants acted "to cause Plaintiff[s] financial harm and injury" (Compl. ¶15), and that Defendants have "caused harm and injury to Plaintiffs personally and professionally" (Compl. ¶ 9 & 14) are inadequate to establish the causal connection as required for standing. In his testimony at trial on August 6, Plaintiff Carlos Diaz stated that he lost his job because of the criminal charges filed against him. This allegation alone fails to establish how the racketeering activity of extortion and obstruction of justice directly caused the loss of his job. Further, Plaintiffs failed to plead and establish that Defendants' RICO acts are a *substantial factor* in causing their damage. See Hecht, 897 F.2d at 23-24. The proximate causation analysis in a RICO action is guided by factors such as the defendant's preconceived purpose, the foreseeability of the result, the presence of independent intervening causes, and the directness of the causal connection. See Khurana v. Innovative Health Care Sys., Inc., 130 F.3d 143, 148-49 (5th Cir. 1997), abrogated on other grounds by Beck, 529 U.S. 494. Plaintiffs failed to establish that Defendants' acts proximately caused the alleged damage to them. Thus, Plaintiffs failed to plead and establish standing.

Further, Plaintiffs claim other damages such as loss of credit and reputation and emotional distress, that are not recoverable under RICO. A plaintiff seeking recovery under RICO must allege injury "in his business or property" caused by violation of the Act. 18

U.S.C. § 1964. The phrase, "business or property," excludes personal injuries. See Reuter v. Sonotone Corp., 442 U.S. 330 (1979). Emotional distress is not an injury to business or property. See Zimmerman v. HBO Affiliate Group, ACS, 834 F.2d 1163, 1169 (3rd Cir. 1987); Bennett v. Centerpoint Bank, 761 F. Supp. 908, 916 (D.N.H. 1991). Damages for injured reputations are not recoverable under RICO. See Padilla Rodriguez v. Llorens Quinones, 813 F. Supp. 924 (D. P.R. 1993).

If Plaintiffs could properly establish their standing under RICO, their claims would fail because they failed to establish essential elements of RICO. RICO claims under Section 1962(a), (b), or (c) require a plaintiff to prove the existence of *a pattern* of *racketeering activity* conducted by, or in some way related to, *an enterprise* affecting *interstate or foreign commerce,* which caused the plaintiff an *injury to his business or property.* 18 U.S.C. § 1962(a), (b), and (c). A plaintiff has to prove these elements in order to claim treble damages to his business or property. See 18 U.S.C. § 1964(c). A claim under Section 1962(d) requires a showing of the existence of a conspiracy and the commission of an overt act in furtherance of the conspiracy that causes injury to the plaintiff. See Beck, 529 U.S. at 505-06.

The first element to be sustained under RICO is the racketeering act, and only certain offenses as defined under Section 1961 of the statute meet this requirement. In their complaint, Plaintiffs allege that Defendants committed various predicate acts,[2] but only two

---

[2] Plaintiffs' allegations of predicate acts were fraudulent statements to police investigators, 18 U.S.C. § 1001, extortion, conspiracy to commit fraud and extortion, obstruction of justice under 18 U.S.C. § 1503, conspiracy to violate civil rights under 18 U.S.C. § 241, and perjured testimony before a grand jury. (Compl. ¶14).

of these offenses—extortion and obstruction of justice—fall under the enumerated offenses of Section 1961 to meet the element of the predicate act under RICO.[3]

The second element to be sustained under RICO is "pattern." To establish a pattern of racketeering activity, a plaintiff must show (1) more than one predicate act, (2) the relation between the predicate acts, and (3) that the acts pose a threat of continued criminal activity. See SIL-FLO, Inc. v. SFHC, Inc., 917 F.2d 1507, 1516 (10th Cir. 1990). Plaintiffs' allegations in their complaint do not establish a threat of continued criminal activity.

The third element to be sustained under RICO is "enterprise," which is defined as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity". See 18 U.S.C. § 1961(4). "To plead the existence of such an enterprise, the complaint must show (1) 'an ongoing organization with a decision-making framework or mechanism for controlling the group;' (2) with associates that 'function as a continuing unit;' and (3) which is 'separate and apart from the pattern of racketeering activity.'" Dirt Hogs Inc. v. Natural Gas Pipeline Co., 99-6026, 2000 WL 368411 at *2 (10th Cir. 2000) quoting from United States v. Sanders, 928 F.2d 940, 943-44 (7th Cir. 1991). A RICO enterprise is an ongoing "structure" of persons associated through time, joined in purpose, and organized in a manner amenable to hierarchical or consensual decision-making. See id. It is not sufficient to allege that a group of individuals

---

[3] Plaintiffs' alleged predicate offenses of fraudulent statements to police investigators and conspiracy to commit fraud under 18 U.S.C. §§ 241 & 1001 do not fall under Section 1961 and, therefore, cannot constitute a racketeering act.

or businesses committed predicate acts of racketeering. See Switzer v. Coan, 261 F.3d 985, 992 (10th Cir. 2001). Plaintiffs' complaint is devoid of any details regarding essential facts, such as whether or not the alleged gang (1) is an ongoing organization and (2) functions as a continuing unit as shown by a hierarchical or consensual decision-making structure. See Dirt Hogs Inc., 99-6026, 2000 WL 368411 *2. At most, Plaintiffs' complaint alleges that Defendants belonged to a criminal gang called "Los Juaritos." This does not satisfy the Congressional intent in enacting RICO, as RICO was not intended to simply create another form of conspiracy, but was aimed at preventing criminal organizations from taking over legitimate businesses, or engaging in a pattern of racketeering acts. See In re Smithkline Beecham Clinical Labs., Inc., 108 F. Supp. 2d 84, 92-93 (D. Conn. 1999).

### D. RICO Claim Under New Mexico State Law

Plaintiffs did not allege a state RICO claim as a separate count, but included it in the federal RICO claim. The New Mexico state RICO statute, see N.M. STAT. ANN. §§ 30-42-1 - 30-42-6 (Repl. Pamp. 1997), mirrors the federal RICO, see N.M. v. Huges, 108 N.M. 143, 767 P.2d 382 (Ct. App. 1988). Therefore, the federal RICO analysis applies to Plaintiffs' state RICO claim as well.

### E. Extortion and Perjury Claims

Plaintiffs also claim damages for extortion and conspiracy to commit extortion. There is no private cause of action for extortion. See Lopez v. Garcia, 1 F. Supp. 2d 1403, 1406 (D.N.M. 1997) (holding that extortion is a crime and that there is no authority for the proposition that there is a private cause of action for the "tort" of extortion). Similarly, there

is no authority under New Mexico case law to recognize a private cause of action for perjury. Plaintiffs' claims for damages under these theories must therefore fail.

### F. Fraud and Conspiracy to Commit Fraud

In order to properly plead a fraud claim, Fed R. Civ. P. 9(b) requires that the circumstances constituting fraud must be pleaded with particularity. See Fed. R. Civ. P. 9(b). A complaint must set forth the time, place, and contents of the false representations, the identity of the party making the false statements, and the consequences thereof. See Schwartz v. Celestial Seasonings, Inc., 124 F.3d 1246, 1252 (10th Cir. 1997). A plaintiff must set forth an explanation of what is false or misleading about a statement and why it is false. See United States v. Cheng, 184 F.R.D. 399, 402 (D.N.M. 1998). Malice, intent, knowledge, and other conditions of mind of a person may be averred generally. See Fed. R. Civ. P. 9.

Plaintiffs' complaint does not meet this test. It states the time, place, and identity of the parties making the alleged misrepresentation (Compl. 9, 19, 20, & 21), but it does not state what those false statements are, or why they were false, and the specific consequences thereof. In their complaint, Plaintiffs merely allege that Defendant Isabel Ledezma gave the false testimony, that the other named Defendants aided and abetted the scheme of fraud, and that they should have known the resulting damage to Plaintiffs. (Compl ¶ 20 & 21). Plaintiffs also allege that such fraud resulted in financial and personal harm to them. (Compl. ¶ 19). At trial, Plaintiffs failed to establish details of these allegations.

Further, the allegations in Plaintiffs' complaint fail to meet all the elements of fraud. The elements of fraud are (1) a false representation; (2) knowingly or recklessly made; (3) with

an intent to deceive; (4) for the purpose of inducing the other party to act; and (5) on which the other party relies to his or her detriment. See Golden Cone Concepts, Inc. v. Villa Linda Mall, Ltd., 113 N.M. 9, 14, 820 P.2d 1323, 1328 (1991); In the Estate of Gardner, 114 N.M. 793, 802, 845 P.2d 1247, 1255 (Ct. App. 1992). The burden is on the party claiming fraud to establish its existence clearly and conclusively and not by doubtful and inconclusive evidence. See Walter v. Richardson, 62 N.M. 152, 158, 306 P.2d 643, 647 (1956). Fraud must be proved with clear and satisfactory evidence. See id. Plaintiffs' complaint did not plead enough facts to meet all these elements. The Court concludes that Plaintiffs are not entitled to any relief upon their fraud claims.

### G. Damages

Even if this Court were to determine that there is a sufficient basis in the pleadings for entry of a default judgment, Plaintiffs' claims must fail because they have failed to prove their damages.

On August 6, 2002, a hearing was held on Plaintiffs' Motion for Entry of Default Judgments against Defendants. Plaintiff Carlos Diaz appeared with counsel; Plaintiff Myrna Diaz did not appear personally. At that hearing, the Court heard Plaintiffs' evidence regarding their claim for damages. The evidence tendered at the very brief hearing consisted of the testimony of Carlos Diaz. No expert witnesses were called as to the claims for lost wages, mental health-related problems, and physical injury.

Carlos Diaz testified that he was entitled to $1,000,000 in punitive damages and $500,000 in compensatory damages. He stated that he was fifty-one years old; that he

sustained an injury to his hand during an altercation with Defendants; that he cannot return to his former job in law enforcement; that he lost over $150,000 in wages; that he suffered damage to his reputation; and that he is in need of psychiatric assistance. He failed to present any expert testimony covering his claim for economic and medical/mental health damages. He failed to produce any documentation supporting his claims for past and future medical expense, loss of past income, and claim for future wages.

Myrna Diaz did not appear at trial on August 6, 2002. Her attorney presented evidence, through Carlos Diaz, as follows: Myrna is forty-five or forty-six years old. She is in need of psychiatric assistance. She has not been able to work since the incident.

Based upon the scant evidence tendered by Plaintiffs at trial in support of their claims for damages, the Court concludes that they have failed to meet their burden of proof with respect to claimed damages.

### III. CONCLUSION

For the foregoing reasons, the Court concludes that the state of Plaintiffs' pleadings, and their failure to meet their burdens of proof at trial, cannot support entry of judgment on their behalf.

**IT IS, THEREFORE, ORDERED** that Plaintiffs' Motions to Grant Default Judgment as to Defendants Hernando Ledezma, Sandra Ledezma, Jesus Ledezma, and Ramon Sotelo are **DENIED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITH PREJUDICE**.

**SO ORDERED**, this 28th day of August, 2002, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
United States District Judge